PEOPLE v. KENNEDY

CRIMINAL LAW—PRELIMINARY EXAMINATION—DISCHARGE OF DEFEND-
ANT—DISCRETION.
   A magistrate can discharge a defendant only if it appears to him
   either that no offense has been committed or that there is
   not probable cause to charge the defendant with perpetration
   of the offense; and an appellate court cannot substitute its
   judgment for the trial judge's judgment unless there has
   been a clear abuse of discretion (MCLA § 766.13).

Appeal from Ingham, Jack W. Warren, J. Sub-
mitted Division 2 July 28, 1970, at Lansing. (Docket
No. 8,829.) Decided August 28, 1970.

Robert Kennedy was convicted of illegal posses-
sion of narcotic drugs. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Raymond L. Scodel-
ler,* Prosecuting Attorney, and *James R. Ramsey,*
Assistant Prosecuting Attorney, for the people.

*William H. Wise,* for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and QUINN,
JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 450.

PER CURIAM. Defendant appeals from his conviction after jury trial of the unlicensed possession of marijuana. MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123). The people have filed a motion to affirm his conviction.

Defendant first urges error by the magistrate in binding him over for trial after the preliminary examination. However, the magistrate can only discharge the defendant if it shall appear to him "either that no offense has been committed or that there is not probable cause for charging the defendant therewith." MCLA § 766.13 (Stat Ann 1954 Rev § 28-.931). On appeal, we cannot substitute our judgment for his absent a clear abuse of his discretion. *People* v. *Davis* (1955), 343 Mich 348; *People* v. *Spann* (1966), 3 Mich App 444.

Defendant's second allegation of error is the trial judge's denial of his motion to dismiss at the conclusion of the people's case. His claim that there was no showing of "possession" is negated by the Supreme Court's interpretation of the word in *People* v. *Harper* (1962), 365 Mich 494.

The questions sought to be reviewed are so insubstantial as to need no argument or formal submission. Motion to affirm is granted.